UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

RAFAEL A. LANFRANCO,   **NOT FOR PUBLICATION**

                                                   **MEMORANDUM AND ORDER**
               Plaintiff,                         14-CV-6778 (PKC)

        -against-

Chase Bank,

               Defendant.
------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

*Pro se* Plaintiff, Rafael A. Lanfranco, commenced this action in State court, asserting 20 causes of actions relating to a checking account that a corporation in which Plaintiff owns shares maintains with Defendant JPMorgan Chase Bank, N.A.[1] Following removal to this Court, Defendant moved to dismiss for failure to state a claim. For the reasons set forth below, the motion is granted.

*BACKGROUND*

The facts alleged in this case are simple, though unilluminating. According to the complaint, Plaintiff is a partner in, and possesses power of attorney for, 90-13 Jamaica Deli Grocery, Inc. ("Jamaica Deli"). (Compl., at 2.)[2] The corporation maintains a checking account with the Defendant bank ("Jamaica Deli account"). (*Id.*) Approximately 20 months before initiating the present action, Plaintiff discovered that $300 had been withdrawn, without authorization, from the Jamaica Deli account by a person named Rafael Tavernas. (*Id.* at 4.) Tavernas made the withdrawal using a debit card that had been issued in his name. (*Id.* at 5.)

---
[1] Plaintiff incorrectly refers to Defendant as Chase Bank.

[2] Because the complaint fails to include properly numbered paragraphs, citations refer to page numbers in the complaint.

Plaintiff states that he later canceled the card, although he does not reveal why Tavernas possessed the card in the first place. (*Id.*)

Sometime later, Plaintiff went to a local Chase Bank branch and requested information regarding the Jamaica Deli account, including a statement of account activity. (*Id.*) A bank employee, in consultation with the "Chase bank legal department," told Plaintiff that she could not provide him with the information absent a subpoena, (*Id.* at 6), apparently because Plaintiff's name was no longer listed in conjunction with the Jamaica Deli account. (*Id.* at 8-9.) Plaintiff sets forth no facts that explain his current relationship with Jamaica Deli or with his partner in the business, Romeo Guzman. (*Id.* at 7.)

On the basis of these events, Plaintiff sued the Defendant bank, advancing 20 separate causes of action. Defendant has moved to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. To date, Plaintiff has failed to respond to Defendant's motion.

## DISCUSSION

I. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court must accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *Id.* at 555-56. A court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "When considering motions to dismiss a *pro se* complaint such as this, 'courts must construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggest[s].'" *Weixel v. N.Y.C. Bd. of Educ.*, 287 F.3d 138, 145-46 (2d Cir. 2002) (quoting *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("Even after *Twombly*, [courts] remain obligated to construe a pro se complaint liberally."). Nevertheless, "pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Iwachiw v. N.Y.C. Bd. of Educ.*, 194 F. Supp. 2d 194, 202 (E.D.N.Y. Mar. 29, 2002) (citing *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

II. Plaintiff's Claims

Plaintiff's causes of action can be divided into four groups: (1) those that seek to impose liability for actions that Defendant allegedly took with respect to the funds held in the Jamaica Deli account; (2) those that seek to impose liability for Defendant's refusal to provide Plaintiff information that he requested about the account; (3) those that seek to impose liability for Defendant's failure to notify Plaintiff that his name had been removed from the account; and (4) those that advance claims without specifying the particular conduct that allegedly gives rise to liability. Each set of claims will be considered in turn.

First, Plaintiff's causes of action concerning Defendant's actions with respect to the funds held in the Jamaica Deli account must be dismissed because Plaintiff does not have standing to assert individual claims for injuries sustained by Jamaica Deli. Plaintiff's specific claims are that Defendant aided and abetted the fraudulent conveyance of the account funds (Eighth Cause of Action), that Defendant colluded in the conversion of the corporation's assets (Ninth and

Nineteenth Causes of Action), and that Defendant violated its fiduciary responsibilities relating to the corporate checking account (Fifteenth Cause of Action). These causes of actions concern funds owned by the corporation and turn on duties that run, at most, from Defendant to the corporation itself. "It is a well-settled principle of corporate law that an action to redress injuries to a corporation cannot be maintained by a shareholder in his or her own name but must be brought in the name of the corporation through a derivative action." *Dueren v. Credit Suisse First Boston Corp.*, No. 02 Civ. 3921, 2003 WL 21767509, at *1 (S.D.N.Y. July 31, 2003) (internal quotation marks and alterations omitted). The injury that Plaintiff appears to allege is the unauthorized withdrawal of $300 by Rafael Tavernas. This harm is not borne by Plaintiff alone, but rather affects all shareholders in Jamaica Deli in proportion to their ownership in the corporation. "It is well settled that diminution in value of corporate assets is insufficient direct harm to give the shareholder standing to sue in his own right." *Nordberg v. Lord, Day & Lord*, 107 F.R.D. 692, 698 (S.D.N.Y. Sept. 30, 1985) (internal quotation marks and ellipses omitted); *see also Dueren*, 2003 WL 21767509, at *3 ("Loss of investment value resulting from breach of a duty owed to a corporation does not give rise to a direct cause of action by the corporation's shareholders."). *See generally* 12B William M. Fletcher, Fletcher Cyclopedia of the Law of Corporations § 5911. Because Plaintiff does not having standing to bring this first set of claims, they must be dismissed. *See Norberg*, 107 F.R.D. at 703 (granting 12(b)(6) motion on ground that plaintiff lacked standing to individually assert claims for harms suffered by corporation).

Second, Plaintiff's causes of action concerning Defendant's refusal to provide information to Plaintiff (First, Second, Fourth, Seventh, Tenth, Eleventh, Twelfth, and Fourteenth Causes of Action) must also be dismissed for failure to state a claim. Dismissal of the First, Second, Seventh, Tenth, and Eleventh Causes of Action is warranted because they do

not advance any legal claims, but rather reiterate and expand upon Plaintiff's factual allegations relating to his requests for account information. Dismissal of the Fourth and Twentieth Causes of Action, alleging identity theft, is warranted because the complaint does not allege that Plaintiff's identity was stolen, and, even if it were, the Court cannot identify a plausible legal theory under which Defendant might be held liable. Dismissal of Plaintiff's Fourteenth Cause of Action, alleging "gross" laches, is warranted because "laches is a defense and not a cognizable cause of action." *Gerlach v. Russo Realty Corp.*, 695 N.Y.S.2d 128, 130 (App. Div. 1999). Finally, dismissal of Plaintiff's Sixteenth Cause of Action, alleging violations of unidentified banking laws is warranted because Plaintiff does not identify any particular statute that he claims was violated, let alone one that creates a private right of action. Even looking beyond the particular legal theories contained in the complaint, the Court is unable to hypothesize any legal basis for holding Defendant liable for refusing to provide Plaintiff information regarding a corporate checking account from which his name had been removed.

Third, Plaintiff's causes of action concerning Defendant's failure to notify him that his name was no longer listed in conjunction with the corporate checking account must be dismissed as well. According to Plaintiff, by failing to provide such notification, Defendant breached a fiduciary duty it owed to Plaintiff (Third Cause of Action), and aided and abetted corporate and bank fraud (Fifth and Sixth Causes of Action). Under New York law, "[t]he elements of a claim for breach of a fiduciary obligation are: (i) the existence of a fiduciary duty; (ii) a knowing breach of that duty; and (iii) damages resulting therefrom." *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 138 (2d Cir. 2011). "[A] fiduciary relationship exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation." *N. Shipping Funds I, LLC v. Icon Capital Corp.*, 921 F. Supp.

2d 94, 101 (S.D.N.Y. Jan 24, 2013) (internal quotation marks and citation omitted). The complaint sets forth no facts from which a fiduciary relationship between Plaintiff and Defendant might be inferred and, therefore, Plaintiff fails to state a claim for breach of a fiduciary duty.

Plaintiff also fails to state a claim for bank or corporate fraud. Bank fraud is a federal crime, codified at 18 U.S.C. § 1344, and does not create a private right of action. *Wright v. Waterside Plaza LLC*, No. 07 Civ. 9303, 2008 WL 872281, at *2 (S.D.N.Y. Apr. 2, 2008), *aff'd sub nom. Wright v. Waterside Plaza, L.L.C.*, 354 F. App'x 594 (2d Cir. 2009) (dismissing civil claim for bank fraud). Plaintiff's corporate fraud claim, which the Court interprets to be a common law fraud claim, is no more viable. A claim for aiding and abetting fraud requires that a plaintiff plead: "(1) the existence of a fraud; (2) [the] defendant's knowledge of the fraud; and (3) that the defendant provided substantial assistance to advance the fraud's commission." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 292 (2d Cir. 2006) (internal quotation marks and citation omitted) (alterations in original). Plaintiff's complaint is devoid of any allegations that might allow an inference in Plaintiff's favor on any of these elements.

Finally, each of Plaintiff's remaining causes of action—for negligence (Twelfth Cause of Action), fraud (Thirteenth Cause of Action), gross torts (Seventeenth Cause of Action), and violation of plaintiff's unalienable property rights (Eighteenth Cause of Action)—warrant dismissal. Even when liberally construed, the complaint sets forth no facts that would permit the Court to find that Plaintiff states a claim with respect to any of these causes of action. The Court cannot discern any duty to Plaintiff that the Defendant violated, such that it is liable in tort, nor can it identify any inalienable property rights of Plaintiff with which Defendant unlawfully interfered.

*CONCLUSION*

For the foregoing reasons, Defendant's motion to dismiss is granted. Because even a liberal reading of the complaint gives no indication that Plaintiff might state a valid claim for relief, the complaint is dismissed with prejudice, and the Clerk of Court is instructed to close the case. *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011); *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and, therefore, denies *in forma pauperis* status for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

 /s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: May 21, 2015
       Brooklyn, New York